IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,801

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH V. DONALDSON,
*Appellant.*

SYLLABUS BY THE COURT

The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, and a defendant's motion to correct an illegal sentence based on constitutional challenges to his or her sentence will fail as a matter of law.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 10, 2015. Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed July 28, 2017. Judgment of the Court of Appeals affirming and remanding to the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: Joseph V. Donaldson appeals from lower court decisions dismissing for lack of jurisdiction his motion to correct an illegal sentence which challenged the

1

retroactive application of the 2011 amendments to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. See *State v. Donaldson*, No. 108,801, 2015 WL 1782344, at *7 (Kan. App. 2015) (unpublished opinion) ("We are not persuaded that the trial court erred in determining that it lacked subject matter jurisdiction to consider Donaldson's motion challenging the retroactive application of the 2011 amendments to KORA."). We granted Donaldson's petition for review.

Our recent decisions in *State v. Wood*, 306 Kan. 283, 393 P.3d 631 (2017), and *State v. Reese*, 306 Kan. 279, 393 P.3d 599 (2017), resolve Donaldson's appeal. There, we first held that courts have jurisdiction to entertain motions to correct illegal sentences at any time. We then held that the definition of an illegal sentence does not include a sentence that allegedly violates a constitutional provision. *Wood*, 306 Kan. at 284-85; *Reese*, 306 Kan. at 281.

Thus, according to our holdings in *Wood* and *Reese*, the lower courts had jurisdiction to hear and consider Donaldson's motion as a motion to correct an illegal sentence made pursuant to K.S.A. 22-3504. But that motion advanced no meritorious argument demonstrating Donaldson's sentence was illegal, so his claim fails on the merits. Thus, we affirm the outcome below, albeit for different reasons. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Affirmed.